UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

JILLIAN N.,                                          Case No. 24-CV-4375 (PJS/DJF)

Plaintiff,

v.                                                              ORDER

FRANK BISIGNANO, Commissioner of
Social Security,

Defendant.

---

Bryan Konoski, KONOSKI & PARTNERS, P.C., for plaintiff.

Craig Hundley, SOCIAL SECURITY ADMINISTRATION, for defendant.

Plaintiff Jillian N. brought this action for review of the denial of her application for Social Security disability benefits.  This matter is before the Court on Jillian's objection to the January 20, 2026, Report and Recommendation ("R&R") of Magistrate Judge Dulce J. Foster.  Judge Foster recommends granting defendant's request to affirm the Commissioner's decision to deny benefits and denying Jillian's request for remand.

The Court has conducted a de novo review.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Based on that review, the Court agrees with Judge Foster's thorough and well-reasoned R&R.  Accordingly, the Court overrules Jillian's objection and adopts the R&R.

The Commissioner has established a five-step process to determine whether a claimant is disabled.  20 C.F.R. § 416.920(a)(4).  The disputes in this case focus on steps

four and five.  Step four requires the claimant to establish her residual functional

capacity ("RFC") and prove that, in light of her RFC, she cannot perform any past

relevant work.  *Id.* § 416.920(a)(4)(iv); *Young v. Apfel*, 221 F.3d 1065, 1069 n.5 (8th Cir.

2000).  If the claimant succeeds, then, at step five, the Commissioner bears the burden to

establish that the claimant can perform other jobs that exist in significant numbers in the

national economy.  *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Papesh v. Colvin*, 786

F.3d 1126, 1131 (8th Cir. 2015).  If the claimant can perform such work, the

Commissioner will find the claimant not disabled.  20 C.F.R. § 416.920(a)(4)(v).

At step four, the Administrative Law Judge found that Jillian has the RFC:

> to perform light work as defined in 20 CFR 404.1567(b)
> except occasionally climb ladders, ropes, and scaffolds.  She
> can frequently climb stairs and balance on uneven terrain.
> She can push and pull as much as she can lift and carry.  The
> claimant can occasionally stoop, kneel, crouch, and crawl.
> She can tolerate occasional exposure to extreme cold and
> extreme heat.  She can tolerate occasional exposure to
> vibration, unprotected heights, and moving mechanical
> parts.  The claimant can carry out simple instructions.  She
> can tolerate occasional interaction with coworkers and
> supervisors.  She can deal with occasional changes in a
> routine work setting.  The claimant cannot perform work
> requiring a specific production rate such as assembly line
> work or work that requires hourly quotas.  No interactions
> with the public.

Admin. Record (hereinafter "AR") 18.  Using this RFC, the ALJ found that Jillian could

perform other jobs that exist in significant numbers in the national economy.  *Id.* 29.

Jillian argues that the ALJ failed to explain various findings or consider various evidence when determining her RFC.  For example, Jillian contends that the ALJ failed to explain why she omitted from the RFC the opinion of a treating nurse practitioner (expressed in a check-a-box form) that Jillian has a moderate limitation in her ability to understand and remember short, simple instructions.  An ALJ is not required to "mechanically list and reject every possible limitation," however.  *Nash v. Comm'r*, 907 F.3d 1086, 1091 (8th Cir. 2018) (citation omitted).  Here, the ALJ reviewed the evidence concerning Jillian's cognitive abilities and found that, "[i]n understanding, remembering or applying information, the claimant has a mild limitation."  AR 16.  The ALJ also reviewed the nurse practitioner's own notes showing that Jillian's memory and judgment were intact, she had no problems with attention and concentration, and her intelligence was average.  *Id.* 24.  The ALJ also specifically addressed the check-a-box form, finding that the nurse practitioner's opinions were only "somewhat persuasive" and identifying certain limitations that the ALJ found to be "reasonabl[y] accommodated for in the above [RFC]."  *Id.* 27–28.  In context, it is clear that the ALJ was not persuaded that the RFC needed to incorporate a moderate limitation on Jillian's ability to understand and remember short, simple instructions, and it is clear why—because the ALJ found that limitation to be inconsistent with other medical evidence.  No more is necessary.  *Cf. Swarthout v. Kijakazi*, 35 F.4th 608, 611 (8th Cir.

2022) (noting that an opinion rendered on "a check-box and fill-in-the-blank form" was "entitled to relatively little evidentiary value on its face").

Similarly, Jillian faults the ALJ for failing to include a moderate limitation on her ability to make judgments. Even if this were an error, however, the error was harmless. As Judge Foster explained, the jobs that the ALJ found Jillian capable of performing are classified as "unskilled work," which requires "little or no judgment." 20 C.F.R. § 404.1568(a).

Jillian next argues that the Commissioner failed to meet his burden at step five to establish that she can sustain competitive employment. In particular, Jillian contends that the ALJ failed to address evidence concerning her absenteeism and off-task time. The Court agrees with Judge Foster that this is better analyzed as a step-four challenge. Essentially, Jillian contends that the RFC should have incorporated limitations reflecting her absenteeism and off-task time. As Judge Foster explained, however, there is substantial evidence in the record from which the ALJ could conclude that there was no need to include such limitations. Jillian faults the ALJ for not making explicit findings on these issues, but again, an ALJ need not "mechanically list and reject every possible limitation." *Nash*, 907 F.3d at 1091; *see also Austin v. Kijakazi*, 52 F.4th 723, 729 (8th Cir. 2022) ("[T]he ALJ is not required to explicitly reconcile every conflicting shred of

medical evidence." (cleaned up)); *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998) ("[A]n ALJ is not required to discuss every piece of evidence submitted.").

Finally, Jillian argues that the Commissioner failed to meet his step-five burden to show that Jillian could complete a training or probationary period, as these would (according to Jillian) involve more than "occasional contact" with supervisors. Again, the Court agrees with Judge Foster that this is more appropriately understood as step-four challenge to the RFC. Even if it should be treated as a step-five challenge, however, the Commissioner met his burden by identifying jobs in the national economy that meet the "occasional contact" limitation, and Jillian offers nothing but speculation to counter this finding. *See* 20 C.F.R. § 404.1568(a) (defining unskilled work as work that involves "simple duties that can be learned on the job in a short period of time").

## ORDER

Based on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.    Plaintiff's objection [ECF No. 23] is OVERRULED.

2.    The Report and Recommendation [ECF No. 22] is ADOPTED.

3.    Plaintiff's request to remand the Commissioner's decision [ECF Nos. 13, 18] is DENIED.

4.      Defendant's request to affirm the Commissioner's decision [ECF No. 15] is

GRANTED.

5.      This action is DISMISSED WITH PREJUDICE AND ON THE MERITS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 2, 2026                          /s/ Patrick J. Schiltz
                                              Patrick J. Schiltz, Chief Judge
                                              United States District Court